MARTIN MCFALL *v.* COMMONWEALTH OF KENTUCKY.

**Criminal Law—Insanity—Instruction.**

Insanity of a defendant at the time of the commission of a crime is a complete defense.

Where there is evidence produced in a criminal cause that the defendant was at the time of the offense on the verge of delirium tremens, and where instructions are asked, the court should instruct the jury that if they believed from the evidence that the defendant at the time of the commission of the crime, was not sane, and could not, because of mental incapacity, know right from wrong, whether that incapacity was caused by drink or not, they should acquit.

APPEAL FROM WOODFORD CIRCUIT COURT.

December 8, 1874.

OPINION BY JUDGE LINDSAY:

McFall was indicted for a breach of the peace. The proof disclosed an aggravated assault upon the person of his wife.

It was proved by a practicing physician that a day or two after the assault, McFall was apparently on the verge of *delirium tremens,* and that he was very much frightened. In the opinion of the witness he was not then responsible for his acts. Another witness proves that he saw him the morning after the assault, and that he seemed to be dodging, and frightened. It is further proved that on the same morning, McFall was found in a dark room, and that he "looked cowed and frightened, and was dodging."

Upon this proof, the defendant asked that the jury be instructed that if they should believe that "the defendant, at the time that it is alleged he assaulted his wife, was not sane, and could not, because of mental incapacity, know right from wrong, whether that incapacity was caused by drink or not, they ought to acquit." The

court refused so to instruct. In so refusing it erred. We know of no instance in which it has been held that a person who is so far insane as not to know right from wrong, is criminally responsible for his acts. The cause of the want of mental capacity is immaterial. The temporary aberration of the intellect, caused by drunkenness, does not excuse; but when from excessive indulgence, the drunkard becomes a lunatic, incapable of distinguishing between right and wrong, he must be treated as other insane persons.

It is not for this court to determine as to the sufficiency of the proof to sustain the plea of insanity. There was some evidence tending to sustain it, and therefore the defendant should have had the benefit of the instruction asked.

For the error indicated the judgment is *reversed* and the cause remanded for a new trial, upon principles consistent with this opinion.

*Edward Wallace, for appellant.*
*John Rodman, for appellee.*